IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **O.ZION, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.:** |
| **v.** | ) | |
| | ) | **1:21-CV-4789-SCJ** |
| **STATE FARM FIRE AND** | ) | |
| **CASUALTY COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN

**COME NOW,** the Plaintiff, O.ZION, LLC (hereinafter "O.Zion") and the Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter "State Farm") (collectively, O.Zion and State Farm will be referred to as the "Parties"), and hereby file this Joint Preliminary Planning Report and Discovery Plan, showing the Court as follows:

1. **Description of the Case:**

   (a)   Describe briefly the nature of this action.

   **This lawsuit concerns a residential first-party property insurance claim. O'Zion contends State Farm issued an insurance policy to provide certain**

coverage to O.Zion's property located at 2301 Troy Cove Rd., Decatur, GA 30035 (the "Property").

O.Zion contends State Farm acknowledged the subject claim as a covered loss but failed to properly inspect, adjust, and pay the claim. O.Zion seeks damages for breach of contract, bad faith handling pursuant to O.C.G.A § 33-4-6, and attorney fees and costs. This dispute revolves around the adjustment, handling, and payment of the subject insurance claim.

State Farm contends, amongst other issues, that it has paid the reasonable and necessary costs to repair the property following the loss and that the amounts O.Zion seeks are excessive, unreasonable, and out of line with the normal and customary charges for equivalent work.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On February 18, 2020, a fire caused damage to O.Zion's Property. State Farm extended coverage for the loss pursuant to the policy. There is a dispute between the parties as to the extent and amount of coverage for the damages sought by O.Zion, as well as the costs to repair the damaged portions of the Property following the loss as asserted by O.Zion.  O.Zion contends State Farm failed to properly inspect, adjust, and pay the claim in violation of O.C.G.A. §

**33-6-4. State Farm denies that this is the appropriate standard for bad faith pursuant to O.C.G.A. § 33-4-6 as set forth in Georgia law.**

(c)     The legal issues to be tried are as follows:

1.      **Whether State Farm breached the insurance contract; and if so, the amount of O.Zion's damages  arising from and attributable to said breach;**

2.      **Whether O.Zion is entitled to recover any extra-contractual damages under O.C.G.A. §§ 33-4-6, 9-15-14 and 13-6-11;**

3.      **Whether the amount sought by Plaintiff reflects the reasonable and necessary amount to repair any covered damage to the Property;**

4.      **Whether Plaintiff breached the terms and conditions of the Policy;**

5.      **Whether Plaintiff acted in good faith and with reasonable and probable cause with respect to the actions it has taken in conjunction with this Claim;**

6.      **Whether Plaintiff has waived or is otherwise estopped from bringing this action against State Farm;**

7.      **Whether the damages sought by Plaintiff qualify as excluded damages under the terms of the Policy and/or barred by the suit limitation specified in the Policy;**

8.   **Whether State Farm has already compensated Plaintiff for the covered damages following the Loss;**

9.   **Whether Plaintiff properly failed to mitigate its damages;**

10.  **Whether any failure of Plaintiff to mitigate its damages due to the Loss resulted in increased and/or exacerbated damages of this Claim;**

11.  **Whether Plaintiff is entitled to recover replacement cost benefits and whether it has completed any of the purported repairs to the Property;**

12.  **Whether Plaintiff failed to satisfy its Duties after Loss as set forth in the Policy;**

13.  **Whether Plaintiff violated the Policy's Suit Against Us provision;**

14.  **Whether Plaintiff took reasonable care to protect the Property; and**

15.  **In the event any judgment is entered on behalf of Plaintiff, whether State Farm is entitled to any set off in light of payments already issued by State Farm.**

(d)     The cases listed below (include both style and action number) are:

    (1)     Pending Related Cases: **None.**

    (2)     Previously Adjudicated Related Cases: **None.**

2.     This case is complex because it possesses one (1) or more of the features listed below (Please check): **Not applicable.**

_____ (1)     Unusually large number of parties;

__x__ (2)     Unusually large number of claims or defenses;

__x__ (3)     Factual issues are exceptionally complex;

_____ (4)     Greater than normal volume of evidence;

__x__ (5)     Extended discovery period is needed;

_____ (6)     Problems locating or preserving evidence;

_____ (7)     Pending parallel investigations or action by government;

__x__ (8)     Multiple use of experts;

_____ (9)     Need for discovery outside United States boundaries;

__x__ (10)   Existence of highly technical issues and proof;

_____ (11)   Unusually   complex   discovery   of   electronically   stored   information.

3.      **Counsel.**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**   William L. Flournoy, Esq.
              The Bush Law Group, P.A.
              6622 Southpoint Drive S
              Suite 190
              Jacksonville, FL 32216
              Phone: (904) 552-1006
              wlflournoy@bushlawgroup.net

**Defendant:**  Jessica M. Phillips, Esq.
              Georgia State Bar No.: 922902
              Swift, Currie, McGhee & Hiers, LLP
              1355 Peachtree Street, N.E., Ste. 300
              Atlanta, Georgia 30309
              Phone: (404) 874-8800
              jessica.phillips@swiftcurrie.com

4.      **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

(_____) Yes                    (_ X _) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.    **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**To the best of the parties' knowledge, there are no necessary parties that have not been joined.**

(b)    The following persons are improperly joined as parties.

**To the best of the parties' knowledge, there are no improperly joined parties to this suit.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their name are omitted:

**To the best of the parties' knowledge, there are no inaccurately stated or necessary portions of their names omitted.**

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**O.Zion has a pending motion to strike some of State Farm's affirmative defenses.  Though Defendant disputes the merits of O.Zion's Motion, in the interests of efficiency, State Farm has filed an Amended Answer and Affirmative Defenses addressing O.Zion's concerns.  Defendant will also file its Responses in Opposition to O.Zion's Motion.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: refer to Local Rules 7.2A; 7.2B, 65.2 and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

**Neither party objects to compliance with Fed. R. Civ. P. 26(a)(1) and LR 26.1 relating to initial disclosures.**

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference with the Court at this time.**

10.    **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Lead Counsel for O.Zion is currently set for a jury trial beginning in March of 2022, in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. Lead Counsel for State Farm is currently scheduled on a trial calendar commencing February 28, 2022 and a second trial calendar commencing May, 2022. O.Zion and State Farm respectfully request this Court allow the parties to proceed with an <u>8-month discovery track</u> due to the complexities identified above at Paragraph 2, and the aforementioned trial schedule.**

Please state below the subjects on which discovery may be needed:

**O.Zion intends to conduct discovery on the following issues:**

     **1.**    **The nature of coverage under the terms of the Policy;**

     **2.**    **The cause of any additional damages not paid by State Farm;**

     **3.**    **The amount of damages claimed by O.Zion that were not paid by State Farm; and**

     **4.**    **O.Zion's claims for extra-contractual damages.**

**State Farm intends to conduct discovery on the following issues:**

     **1.**    **The scope of covered damage to the Property as a result of the Loss;**

     **2.**    **Whether the damages claimed by Plaintiff are excluded and/or barred under the terms and conditions of the Policy and/or Georgia law;**

     **3.**    **Whether Plaintiff failed to allow State Farm to inspect the Property following the Loss;**

     **4.**    **Whether Plaintiff's damages are excessive and/or inflated;**

     **5.**    **Whether Plaintiff failed to preserve the Property following the Loss**

     **6.**    **Whether Plaintiff made any effort to mitigate the damage alleged to the Property and, if any, the extent of Plaintiff's mitigation efforts;**

7.      The costs of repairing and/or replacing covered damage to personal property;

8.      Inspections by individuals retained by Plaintiff;

9.      The Basis(es) for estimates submitted by Plaintiff;

10.     Relationship between Plaintiff and One Stop Restoration;

11.     Relationship between Plaintiff and Ben Brown with Iron Ladder Contractors, LLC ;

12.     What, if any, efforts were made by Plaintiff and/or on Plaintiff's behalf to repair any damage to the Property;

13.     The underlying causes of the fire and resulted in damage to the Property;

Other issues may arise as discovery proceeds.  Accordingly, these categories are not exhaustive, and the Parties are free to seek any discovery that is proper.

State Farm anticipates taking the deposition of:

1.      Plaintiff's corporate representative, Maor Zion

2.      Public Adjuster, Ben Brown;

3.      Omer Barazani of One Stop Restoration; and

4.      Any and all witnesses identified in the discovery process.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The Parties request an 8-month discovery track as outlined above.**

**11.   Discovery   Limitation   and   Discovery   of   Electronically   Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b)   Is any party seeking discovery of electronically stored information?

___X___   Yes              _____   No.

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree as follows: The parties will work together to determine the appropriate scope of production along with the applicable search terms. The parties are not aware of any issues concerning the preservation, identification, disclosure, discovery, or cost of production of electronically stored information at this time.**

**To the extent that O.Zion will request relevant information from State Farm, this information will be produced electronically in the format discussed below.**

**To the extent that State Farm requests relevant information from O.Zion, this information will be produced electronically in the format discussed below.**

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

14

**For electronic information:**

The default production format for unstructured discoverable electronically stored information will be searchable static image formats such as single-page TIFF or JPEG images (300 DPI) with corresponding multi-page text load files or PDF with an embedded text layer. The default production format for structured discoverable electronically stored information will be in reasonably usable standard report formats available in the ordinary course of business. A party may produce electronically stored information that is not easily converted to image format, such as video or audio files in other reasonably usable electronic formats.

Upon request and demonstration of need, the Parties will meet and confer to discuss production in an alternative file format.

Electronically stored documents will be encrypted prior to production and produced via secure online docu-share program (such as ShareFile or equivalent) or shipped on reasonable encrypted external media unless otherwise

**agreed.  Decryption passwords will be provided by separate shipment or electronic information.**

**The Parties anticipate that each party will initially bear its own costs for the reasonable and proportional production of electronically stored information in this matter.  If during the course of this matter a Responding Party believes that cost shifting would be necessary, the Responding Party will provide such notice to the Requesting Party and the parties will meet and confer to discuss the burdens associated with the discovery of the discoverable information and attempt to reach agreement regarding the allocation of costs. If the parties cannot agree, the Responding Party will bring a motion and the Court will determine whether the discovery is proportionate and/or if cost should be allocated pursuant to Federal Rule of Civil Procedure 26(c)**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None known at this time.**

16

**13.    Settlement Potential:**

(a)    Counsel for the parties certify that their signatures below that they conducted an early planning conference that was held on December 3, 2021, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:

**For Plaintiff O.Zion:**

> **Lead counsel (signature):**

> > /s/ *William L. Flournoy*
> > **William L. Flournoy, Esq.**
> > **The Bush Law Group, P.A.**

**For Defendant State Farm**:

> **Lead counsel(signature):**          /s/ *Jessica M. Phillips*
> **Jessica M. Phillips, Esq.**
> **Swift, Currie, McGhee & Hiers,**
> **LLP**

> **Other participants (signature)**:    /s/ *Casey L. Smartt*
> **Casey L. Smartt, Esq.**
> **Swift, Currie, McGhee & Hiers,**
> **LLP**

Other participants: N/A

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(__X__) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c)    Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:

(d)    The following specific problems have created a hindrance to settlement of this case:

**None.**

14.    Trial by Magistrate Judge:

Note: Trail before a Magistrate Judge will be a jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2021.

(b)     The parties (__X__) do not consent to having this case tried before a

magistrate judge of this court.

Respectfully submitted this 17th day of December, 2021.

Counsel for Plaintiff:                         Counsel for Defendant State Farm:

/s/ *William L. Flournoy*                      /s/ *Jessica Phillips*
William L. Flournoy, Esq.                      Jessica Phillips, Esq.
Georgia Bar No.: 755135                        Georgia State Bar No.: 922902
The Bush Law Group, P.A.                       Casey L. Smartt, Esq.
6622 Southpoint Drive S., Ste. 190             Georgia State Bar No.: 200534
Jacksonville, Florida 32216                    Swift, Currie, McGhee & Hiers, LLP
Phone: (904) 552-1006                          1355 Peachtree Street, N.E., Ste. 300
wlflournoy@bushlawgroup.net                    Atlanta, Georgia 30309
krdurpries@bushlawgroup.net                    Phone: (404) 874-8800
justin@bushlawgroup.net                        jessica.phillips@swiftcurrie.com
                                               casey.smartt@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 17th day of December, 2021.

THE BUSH LAW GROUP, P.A.

/s/ *William L. Flournoy*
William L. Flournoy, Esq.
Georgia Bar No.: 755135
The Bush Law Group, P.A.
6622 Southpoint Drive S., Ste. 190
Jacksonville, Florida 32216
Phone: (904) 552-1006

*E-mail for Electronic Service:*
wlflournoy@bushlawgroup.net
krdurpries@bushlawgroup.net
justin@bushlawgroup.net

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of the Court, except as wherein modified:

1.   The Court approves the parties' request for an 8-month discovery period, to conduct fact and expert discovery, based upon consent and cause. This discovery period opens on _____ and closes at the conclusion of _____.

2.   All dispositive motions and Daubert motions shall be filed by _____.

IT IS SO ORDERED, this _____ day of _____, _____.

_____
Honorable Mark H. Cohen
United States District Judge