**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **O.ZION, LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **STATE FARM FIRE AND** ) <br> **CASUALTY COMPANY,** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action File No.:** <br><br> **1:21-CV-4789-SCJ** |

**PLAINTIFF'S INITIAL DISCLOSURES**

**COMES NOW** the Plaintiff, O.ZION, LLC (hereinafter "O.Zion" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. Rule 26(a)(1) and Local Rule 26.1, and hereby submits these Initial Disclosures:

**FED. R. CIV. P. RULE 26(a)(1) DISCLOSURES**

**(1)    State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This action concerns a dispute arising from a first-party residential property insurance claim. O.Zion seeks damages for breach of contract, bad faith damages for

the Defendant's unreasonable handling and adjustment of the subject claim, and reimbursement for Plaintiff's attorney's fees and cost.

The Defendant insured O.Zion's property located at 2301 Troy Cove Rd., Decatur, GA 30035 (the "Property") at all times material hereto. On February 18, 2020, a fire caused direct physical loss to O.Zion's Property. This was a major fire loss, which unfortunately led to the death of one of the Property's occupants.

O.Zion reported the damage to the Defendant the day after the fire on February 19, 2020. The Defendant assigned claim number 11-04R8-10D to the loss (the "Claim"). O.Zion fully cooperated with the Defendant's investigation and made itself and the Property available to the Defendant. The Defendant investigated the damages, the Property, and ultimately acknowledged the loss was a covered loss. Defendant issued a claim payment in the amount of $132,630.23 for repairs.[1]

O.Zion hired One Stop Restoration as its mitigation contractor. One Stop Restoration completed the mitigation and demolition required before any rebuilding could begin. The Defendant refused to pay the required necessary and reasonable amount to properly perform said demolition and mitigation services. The Defendant issued a check directly to One Stop Restoration in the amount of $45,707.42 for the

---

[1] This payment was made on an actual cash value basis.

undisputed amounts. Defendant continues to refuse to pay the required necessary and reasonable amount for the demolition and mitigation work.

O.Zion hired Benjamin Brown to serve as its licensed public adjuster due to the Defendant's gross underpayment of the Claim. To ensure the Defendant had the information it needed at hand to pay the proper amount, Mr. Brown requested the Defendant to reinspect of the Property and provided a sworn statement in proof of loss with a supporting estimate for necessary repairs.

The Defendant, *inter alia*, refused to reinspect the Property because the Defendant did not like that Mr. Brown was documenting the Claim by use of video recording. The Defendant misrepresented the policy and Georgia law in an effort to coerce Mr. Brown from documenting the Claim by video recording. Neither the subject policy nor Georgia law prohibits a policyholder from documenting a property inspection, whether by photographs, drawing, video recording, or otherwise.

O.Zion retained the undersigned counsel due to the Defendant's gross underpayment and misrepresentation of the policy and Georgia law with respect to O.Zion's efforts to document the claim process through its licensed public adjuster. On April 12, 2021, the undersigned provided the Defendant with a letter of representation and a 60-day demand pursuant to O.C.G.A. 33-4-6, thus putting the

Defendant on notice of a potential bad faith lawsuit. The Defendant acknowledged receipt of the demand and requested a reinspection of the Property by letter dated May 14, 2021.

O.Zion agreed to the Defendant's request for inspection, and the reinspection took place on August 4, 2021. The Defendant had unfettered access to the Property during its inspection.

Following the inspection, O.Zion made multiple requests to the Defendant for an update, to wit: August 11, 2021, August 18, 2021, and again on September 24, 2021. Without any update from the Defendant, and more than 60 days having passed from the Defendant's reinspection of the Property, O.Zion filed this lawsuit against the Defendant on October 5, 2021.

The primary issues to be decided in this matter are (1) the proper dollar amount necessary to return O.Zion's Property to its pre-loss condition, whether Defendant is liable for bad faith damages pursuant to O.C.G.A. § 33-6-4, and whether Defendant is liable for Plaintiff's attorney's fees and costs. O.Zion does not anticipate there will be any dispute as to whether the loss is a covered loss because Defendant has already acknowledged the loss as a covered loss.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

All applicable law regarding insurance contract interpretation including, but limited to: O.C.G.A. § 33-24-16; <u>Auto-Owners Ins. Co. v. Neisler</u>, 779 S.E. 2d 55 (2015); <u>Citrus Tower Boulevard Imaging Ctr., LLC v. Owens</u>, 752 S.E.2d 74, 77 (2013); <u>Zurich Am. Ins. Co. v. Beasley</u>, 666 S.E. 2d 83, 84 (2008); <u>Maxwell Bros v. Liverpool & London Globe Ins. Co.</u>, 76 S.E. 1036 (1912); <u>St. Paul Fire & Marine Ins. Co. v. Snitzer</u>, 358 S.E.2d 925 (1987), and Merriam-Webster Dictionary.

All applicable law regarding bad faith pursuant to O.C.G.A. § 33-4-6 and interpretive case law.

All applicable building codes and regulations related to the repairs necessary to return the property to its pre-loss condition including but not limited to: Georgia State Minimum Standard One- and Two-Family Dwelling Code; any applicable city or county ordinances; Institute of Inspection Cleaning and Restoration Certification ("IICRC"), Energy Conservation Code ("IECC"); and Residential Code ("IRC").[2]

---

[2] The authority set forth above is illustrative of the principles which Plaintiff contends are applicable to this lawsuit. The list is not intended to be an exhaustive list of all authority or all issues applicable to this lawsuit which may become known to Plaintiff during the course of this lawsuit.

**(3)	Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

See witness list as **Attachment "A"**. Plaintiff reserves the right to supplement the response to such disclosure.

**(4)	Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

See witness list as **Attachment "B"**.  Plaintiff reserves the right to supplement the response to such disclosure.

**(5)	Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the**

**subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

See list as **Attachment "C"**.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

See list as **Attachment "D"**.

**(7)    Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

The relevant policy of insurance is in the possession of Defendant.

**(8)** **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

None known at this time.

Respectfully submitted this 20th day of December, 2021.

          **THE BUSH LAW GROUP, P.A.**

          /s/ William L. Flournoy
          **William L. Flournoy, Esq.**
          GA Bar No.: 755135
          6622 Southpoint Dr. S., Ste. 190
          Jacksonville, Florida 32216
          (904) 552-1006
          wlflournoy@bushlawgroup.net
          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will electronically serve the following counsel of record:

**Swift, Currie, McGhee & Hiers, LLP**
c/o Jessica Phillips, Esq.
c/o Casey L. Smartt, Esq.
1355 Peachtree St. NE, Ste. 300
Atlanta, Georgia 30309
**jessica.phillips@swiftcurrie.com**
**casey.smartt@swiftcurrie.com**
*Attorneys for Defendant*

          **THE BUSH LAW GROUP, P.A.**

          /s/ William L. Flournoy
          *Attorney for Plaintiff*

# ATTACHMENT "A"

The following individuals/entities are likely to have discoverable information that Ms. Dawson may use to support her claims:

1. The corporate representative of O.Zion, LLC
   *Contact through Plaintiff's counsel*

2. Maor Zion, *owner of O.Zion, LLC*
   *Contact through Plaintiff's counsel*

3. State Farm Fire and Casualty Company & its representatives:
   - JC Leverage
   - Tara Jones
   - Jessica Pears
   - Nick Wireman
   - David St. John
   - Joel A. Rachel
   - Scott Hoskins
   - Van Westmoreland
   - Gary Roach
   - Jeremiah Thomas

   *To be contacted through Defendant's counsel.*

   Collectively, these individuals have information regarding State Farm's claim investigation of the subject claim from the date of loss through present.

4. Benjamin Brown
   Iron Ladder Contractors, LLC
   115 E Main Street, Ste, A1B-8F
   Buford, GA 30518

   Plaintiff retained Mr. Brown to serve as its licensed public adjuster in connection with the subject claim.

5. Omer Barazani
   Crystal Seal
   Nickolas Sharp
   One Stop Restoration
   6755 Peachtree Industrial Blvd., Unit 110
   Atlanta, GA 30360

   O.Zion retained One Stop Restoration to serve as its mitigation contactor. One Stop Restoration completed the mitigation and demolition necessary following the subject fire loss.

6. David Tolar
   Accurate Adjusting, P.C.
   3635 Braselton Hwy. Ste. B2
   Dacula, GA 30019

   O.Zion initially retained Mr. Tolar to serve as its licensed public adjuster in connection with the subject claim.

7. All individuals and entities not named herein but otherwise identified by Defendant's initial disclosures and documents disclosed during the course of discovery.

## ATTACHMENT "B"

O.Zion will supplement its Initial Disclosures with the information required to identify testifying expert witnesses in accordance with Fed. R. Civ. P. 26.

## ATTACHMENT "C"

O.Zion states the following documents, data compilations, electronically stored information, and/or tangible things in its possession, custody, or control may be used to support its claims. Any privileged or otherwise protected portions of these documents will be withheld from production or redacted accordingly:

1. A certified copy of the relevant policy of insurance with Defendant bearing policy no. 91-CC-K286-6.

2. Estimates prepared Mr. Tolar on O.Zion's behalf related to the subject claim.

3. Estimates prepared by Mr. Brown on O.Zion's behalf related to the subject claim.

4. Estimates prepared by One Stop Restoration on O.Zion's behalf related to the subject claim.

5. Photographs, audio recording, and video recordings prepared on O.Zion's behalf related to the subject claim.

6. Photographs, audio recording, and video recordings prepared on the Defendant's behalf related to the subject claim.

7. Sworn state in proof of loss dated January 1, 2021.

8. Correspondence, reports and materials prepared by, addressed to, or from the Dekalb County Fire Department.

9. Correspondence between O.Zion and the Defendant.

10. Correspondence, reports and materials prepared by, addressed to, or from One Stop Restoration.

11. All documents and materials produced by Defendant during the course of discovery.

12. All documents and materials introduced into evidence by Plaintiff.

13. All documents and materials currently in possession of the Defendant which will be obtained during the course of discovery in this lawsuit.

14. All documents and materials identified by Defendant in its Initial Disclosures.

O.Zion will supplement this response as necessary as required by applicable rules.

## ATTACHMENT "D"

1. Estimate prepared by Mr. Brown, which is attached as **Exhibit "A"**.

2. Estimate prepared by One Stop Restoration, which is attached as **Exhibit "B"**.

3. A penalty in the amount of $50% of the value of the subject claim or $5,000.00, whichever is greater, plus all attorneys' fees and costs as provided by O.C.G.A. § 33-4-6.

## **ATTACHMENT "E"**

1. Certified policy of insurance provided by Defendant. Currently in possession of Defendant.